IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON HERRING,

      Petitioner,                    No. CIV S-05-2651 GEB EFB P

    vs.

C.E. FINN, Warden, DVI,

      Respondent.                FINDINGS AND RECOMMENDATIONS

/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He alleges in his petition that: (1) he was denied an opportunity to confront and cross-examine a witness whose statements were relied upon at a parole-revocation hearing in violation of the recent Stipulated Order for Injunctive Relief in *Valdivia v. Schwarzenegger*, Case No. CIV S-94-0671 LKK GGH (E.D. Cal.); and (2) exculpatory evidence on behalf of petitioner was not admitted or considered by the presiding deputy commissioner prior to a good cause finding that he violated parole.

      Respondent filed a motion to dismiss this action on April 25, 2006. Petitioner has not filed a response. For the reasons explained below, the court finds that respondent's motion to dismiss must be granted.

      Respondent moves to dismiss upon the grounds that petitioner failed to exhaust his claims in state court. It appears from the petition that the petitioner is seeking to enforce a

1 decree entered in the ongoing *Valdivia* litigation. However, rather than filing a motion in that
2 action to enforce the decree he has, instead, presented what purports to be an original application
3 for habeas relief. Petitioner has failed to state whether he pursued his claims in state court prior
4 to seeking relief by filing this action. Rather, he indicated "not applicable" as to all questions
5 regarding exhaustion on the habeas application filed in this action.

6     A federal district court may not entertain a petition for habeas corpus unless the petitioner
7 has exhausted state court remedies with respect to each claim raised in the petition. *Rose v.*
8 *Lundy,* 455 U.S. 509, 516 (1982). A petitioner satisfies the federal exhaustion requirement by
9 fairly presenting to the state's highest court all federal claims before he presents them to a
10 federal court. *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam); *Crotts v. Smith,* 73 F.3d
11 861, 865 (9th Cir.1996). Respondents have demonstrated, and petitioner presents no evidence to
12 the contrary, that petitioner's federal habeas petition contains claims that have not been
13 presented to the California Supreme Court. Therefore, petitioner's federal habeas petition must
14 be dismissed.

15     Accordingly, it is hereby RECOMMENDED that respondent's April 25, 2006, motion to
16 dismiss be granted and this action be dismissed.

17     These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after
19 being served with these findings and recommendations, any party may file written objections
20 with the court and serve a copy on all parties. Such a document should be captioned "Objections
21 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
22 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
23 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24 Dated: February 28, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE